UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80079-MIDDLEBROOKS/MATTHEWMAN

UNITED STATES OF AMERICA

vs.

SAEED JAMAL BROWN,

Defendant.
_____/

FILED BY ꞌꞌSWꞌꞌ D.C.

JUN 07 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and SAEED JAMAL BROWN (hereinafter the "defendant") enter into the following agreement.

1. The defendant agrees to plead guilty to the sole count in the Indictment, that is, bank robbery with the use of a dangerous weapon of the PNC Bank, located at 218 Datura St., West Palm Beach, Florida, in violation of Title 18, United States Code, Sections 2113(a) and (d). The defendant agrees that he is, in fact, guilty of the offense.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory

sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that, the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a term of up to twenty-five (25) years' imprisonment, and a fine of up to $250,000.00. The defendant further understands and acknowledges that the Court may impose a statutory maximum term of supervised release of up to five (5) years.

4. The defendant also understands and acknowledges that the Court shall order restitution be paid by the defendant to PNC Bank, in the amount of $1,681.02.

5. The defendant understands and acknowledges that, in addition to any sentence imposed pursuant to this agreement, a special assessment in the amount of $100.00 will be imposed. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the government and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. The United States and the defendant reserve the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing, that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion or these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense,

violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. This Office and defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence at the low end of the advisory sentencing guideline range produced by application of the Sentencing Guidelines. Although not binding on the probation office or the Court, this Office and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.

9. The defendant is aware that his sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. The defendant agrees, in an individual and any other capacity, to forfeit to the United

States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, in violation of 18 U.S.C. § 2113, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853.

11. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

12. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal,

civil or administrative forfeiture proceeding concerning the forfeiture.

13. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 6/7/2023    By: *Shannon O'Shea Darsch*
SHANNON O'SHEA DARSCH
ASSISTANT UNITED STATES ATTORNEY

Date: 6/7/23    By: _____
CAROLINE McCRAE
ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 6/7/23    By: *Saeed J. Brown*
SAEED JAMAL BROWN
DEFENDANT